IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3140 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JOSEPH W. MONDAY, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objection and motion for departure.

IT IS ORDERED that:

(1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)   The defendant's objection (filing 74 part 1) to lack of a 2-point reduction for acceptance of responsibility is denied.  The defendant put the government to its

burden at trial. This is not one of the rare cases where the defendant may do so and still be entitled to claim acceptance of responsibility. The defendant did not admit his guilt until after the government presented its evidence and a motion for judgment of acquittal had been denied. (Filings 60 and 62 (trial minutes).) Furthermore, the defendant's dispute over, and testimony regarding, drug quantity was self-serving, weak and inconsistent with his confession. (PSR ¶¶ 13-14, 16-21, 25-26; PSR Addendum, pages 21-22 (discussing acceptance of responsibility.)

(3)  The defendant's motion for deviation or departure regarding criminal history (filing 74 part 2) is denied. The defendant's criminal history score of VI (17 criminal history points) does not overstate the seriousness of Mr. Monday's past criminal behavior. In addition, it accurately predicts Mr. Monday's propensity for further criminal behavior. Finally, the statutory goals of sentencing would not be furthered by treating the defendant's criminal history as if it were V.

(4)  The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5)  If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(6)  Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

February 2, 2006. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge