IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH W. MONDAY,<br><br>Defendant. | 4:04CR3140<br><br>**MEMORANDUM AND ORDER** |

    On February 14, 2006, I sentenced Joseph W. Monday ("Monday") to 292 months of imprisonment for a conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. (Filing no. 86). On October 28, 2015, Monday, with the assistance of counsel, moved to have his sentence reduced in light of Amendment 782 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). On October 30, 2015, *pursuant to a stipulation* between Monday and the Government, I reduced Monday's sentence to 262 months. (Filing no. 154; Filing no. 155.)

    On May 18, 2020, Monday filed what is titled a "Motion for Reconsideration," asking for an early release from his sentence and appearing to assert that he was entitled to a greater sentence reduction in 2015 based on Amendment 782. (Filing no. 156.) Also, on that day, Monday filed what is labeled as "Petitioner's Second Memorandum of Law in Support of Motion to Alter or Amend Judgment and Sentence Pursuant to 18 U.S.C. Section 3582(c)(2) and Section 404 of the First Step Act" and what Monday later calls a "motion to alter or amend judgment and sentence." In that motion, Monday argues that I committed a "procedural error" by not reducing his sentence more under Amendment 782 *and* he asks to be released due to his mother's age and medical issues. (Filing no. 157.) Monday thus requests that I "resentence [him] to time served." (Filing no. 157.)

I ordered the government to respond. And the government has filed a thoughtful and thorough brief which I essentially adopt. (Filing no. 60.)

To the extent Monday is seeking relief under 18 U.S.C. § 3582(c)(2), Monday's motion will be denied for several reasons. First, by agreeing in his first motion that his sentence should be reduced by 30 months (Filing no. 154; Filing no. 155), he waived later challenging my earlier order. Second, 18 U.S.C. § 3582(c)(2) does not allow for untimely motions for reconsideration or second or successive motions for relief under the same Guidelines amendment. Third, to the extent his motion is one for reconsideration, it is untimely. It was filed several years after the order he now challenges. Fourth, and finally, my order reducing his sentence by 30 months was not only proper but also required under the Sentencing Guidelines.

To the extent Monday is seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), his motions will be denied because he has not shown that he has exhausted his remedies before filing them. Nor has he shown that there are extraordinary and compelling reasons for his release or that a review of the sentencing factors would warrant a sentence reduction.

In summary, and to put it bluntly, I would not reduce his sentence or release him even assuming I had unfettered discretion to do so.

IT IS ORDERED that the motions (Filing no. 156 and Filing no. 157) are denied.

Dated this 2nd day of June, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge